Judge Lagueux
USDC RI
03-00118

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 04-2093

UNITED STATES,

Appellee,

v.

NIDIO ALBERTO JIMENEZ,

Defendant, Appellant.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

JUDGMENT

Entered: March 20, 2006

After a thorough review of the record and the parties' briefs, we conclude that the appellant has failed to establish that remand for resentencing is warranted under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and, accordingly, we affirm the sentence.

The appellant concedes that he did not preserve the issue below, and that to obtain a remand, he must establish circumstances creating "a reasonable probability that he would have received a more lenient sentence under an advisory guidelines regime." United States v. Martins, 413 F.3d 139, 154 (1st Cir.), cert. denied, -- U.S. --, 126 S.Ct. 644 (2005). As a preliminary matter, the appellant points to nothing in the sentencing transcript that suggests that the court had doubts about the sentence it imposed, or that it felt constrained by the guidelines. Rather, the court made specific comments at sentencing that work against the appellant's various arguments, and convince us that remand is unwarranted in this case.

The appellant's chief argument is that the district court would be likely to sentence the appellant more leniently under the advisory guidelines because, in the course of the reverse-sting operation, the government agents extended "artificially generous," Appellant's Brief at 12, credit terms which induced the defendant to buy more cocaine than his resources would have allowed under real market conditions. The defendant did not raise this argument below, although the reverse-sting rationale contained in U.S.S.G. § 2D1.1, Application Note 14, was not a discouraged or forbidden basis for a downward departure pre-Booker, and therefore nothing about the mandatory nature of the guidelines would necessarily have limited the district court's discretion to consider the argument, if Jiménez had chosen to raise it. Cf. United States v. Perez-Ruiz, 421 F.3d 11, 15 (1st Cir. 2005)(no Booker remand where defendant points to no mitigating factors that mandatory guidelines forbad or discouraged), cert. denied, --U.S.--, 126 S.Ct. 1092 (2006); United States v. Antonakopoulos, 399 F.3d 68, 81 (noting that remand on Booker grounds may be warranted where a mitigating factor existed but was not available for consideration under the mandatory guidelines).

Even so, all the details of the reverse-sting operation were presented to the sentencing court, and the court made no comment to suggest that leniency was warranted here. Instead, the sentencing court stated, inter alia, that, although the sentence was "significant," Sent. Tr. at 8, it was nevertheless "in line with the sentences that [it] handed out for the others who were involved in this conspiracy coming from New York with $137,000 in cash to buy an enormous amount of cocaine. This was not a small transaction . . . ." Sent. Tr. at 8-9. Nothing here suggests that the court regarded the sentence as too harsh or "disproportionate to the crime committed." Antonokopoulos, 399 F.3d at 80. Rather, the district court expressed its satisfaction that the sentence accorded with those of Jiménez' co-defendants, and adequately accounted for the severity of the crime, and other mitigating concerns.

Similarly, the sentencing court rejected the appellant's motion for a downward departure based on extraordinary family circumstances, commenting specifically that the appellant's case was "typical . . . of a young man who decides to get into the drug business to make money," Sent. Tr. at 6, and, that it would not depart downward on this basis, even if it had discretion. Cf. United States v. Jiménez, 419 F.3d 34, 46-47 (1st Cir. 2005)(Booker remand unwarranted where district court stated that, even if it had discretion to depart, it would not exercise it), cert. denied, --U.S.--, --S.Ct.--, 2006 WL 386719 (Feb. 21, 2006). Cf. also United States v. Mateo-Espejo, 426 F.3d 508, 514 (1st Cir. 2005)(denying Booker remand based on argument that defendant committed crimes to support family), cert. denied, --U.S.--, --S.Ct.--, 2006 WL 387058

(Feb. 21, 2006).

In light of these and other unambiguous statements by the sentencing court, and the court's decision not to depart downward, the appellant's various other arguments do not convince us of the "reasonable probability" that the district court would impose a more lenient sentence under an advisory guidelines regime.

Affirmed. See Loc. R. 27(c). The request for oral argument is denied.

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

**Deputy Clerk**

**Date:** 4/13/06

[cc: Luis Matos, AUSA, Gerard Sullivan, AUSA, Donald Lockhart, AUSA, Robert Ullmann, Esq., Elizabeth Cleary, Esq.]